WALDEN, Judge,
dissenting.
I dissent for a number of reasons, a few of which I feel warrant discussion.
First, with regard to the time limitation placed on this court’s jurisdiction by Florida Rule of Appellate Procedure 9.110(i),' I deem the ten days allotted by this rule as a grant of jurisdiction limited strictly to that specific ten day period initiated on the filing of a notice of appeal, in much the same way the majority has deemed the forty-eight hour time limitation over trial court action to be absolute. See Fla.R.Civ.P. 1.612(d). These time limitations operate to extinguish the court’s authority to rule by declaring a petition granted, by operation of law, in the event either court fails to rule within the time allotted.
The minor petitioner invoked this court's jurisdiction by filing her notice of appeal on April 7, 1989, in the trial court thereby confining this court’s jurisdiction to the ten day period ending April 17, 1989. The initial opinion issued on April 14,1989,[2] within *751 the ten day jurisdictional time period. The mandate also issued on April 14, 1989. Eighteen days later, on May 2, 1989, this court issued an order to the trial court to advise it as to whether or not an extension of the forty-eight hour limitation was granted to the trial court by the petitioner.[3] Subsequently, on May 5, 1989, twenty one *752 days after the original opinion issued and eighteen days after this court’s jurisdiction lapsed, this majority opted to recall the mandate and reverse its opinion.[4]
*753 Because of the exacting language of the rule and the absence of any provision for rehearing, I believe that rule 9.110(i) operates to absolutely extinguish this court’s jurisdiction from any form of reconsideration, either upon petition or sua sponte, after the ten day period, from the filing of the notice of appeal, has run. In my opinion, the orders rendered by this court on May 2, 1989, and on May 5, 1989, and the majority opinion, herewith, are null and void. The majority denotes that a reversal grounded on the time limitation of Florida Rule of Civil Procedure 1.612(d) leaves no room for discretion or maneuver on the part of the trial court but determines that the ten day time limitation of Florida Rule of Appellate Procedure 9.110(Z) can be expanded to allow this court to sua sponte reverse itself eighteen days after its jurisdiction has lapsed. Such discretionary treatment of rule 9.110(Z) jurisdiction certainly suggests that there is room for maneuverability in application of the rule 1.612(d) time limitations governing the trial court.
Secondly, by reconsidering the case, en banc, this court sought to resolve the question of whether or not, in fact, the petitioner granted an extension of time for ruling to the trial court. To that end, on May 2, 1989 this court issued the order (set out in the margin at footnote 4) to the trial court requesting that it advise this court whether an extension of time beyond forty-eight hours for the trial court to rule, had been granted by the petitioner.
Through phone calls between the clerk’s office and the trial judge’s secretary, this court was provided with information that left the record unchanged, with regard to whether or not the petitioner had granted an extension of time to the trial court during the hearing between the petitioner and the trial judge. No written request or grant of time was filed in the trial court and there is still no transcript of that hearing which would resolve the question. Whether the subject of extending the forty-eight hour limitation for ruling by the trial court was addressed at the hearing remains a mystery and the reasoning underlying the initial affirmance of the trial court’s order remains intact: no error was demonstrated by the minor petitioner.
The original opinion issued April 14, 1989, treated the trial court’s order as presumptively correct, in the absence of any showing of error. The minor petitioner did not establish in this court that she had not granted an extension to the trial court during the unrecorded hearing. It was not apparent from the record whether the hearing even took place within forty-eight hours after the petition was filed, thereby leaving the merits of whether the forty-eight hour rule should apply at all, in question. What was apparent from the record was that the petitioner did not take any further action in the trial court, when forty-eight hours had lapsed without a ruling from the court, toward obtaining a certificate from the clerk of court. The minor petitioner did not even file an appeal for five days after the trial court rendered its denial of her petition, thus the initial forty-eight hours in the life of the petition appears relatively insignificant to her cause.[5]
Regardless of this, the majority has seen fit to read into the record, by way of presumption, what does not readily appear from its face, i.e., that the minor petitioner did not grant an extension of time to the trial court. The majority, no doubt in an effort to accord the minor petitioner the most liberal treatment, has consequently presumed error in the trial court’s order on the supposed fact that the order denying the petition was improperly rendered outside the forty-eight hour period.
The opinion states that it was undisputed that there was no extension granted but *754 fails to acknowledge that this was a nonad-versarial proceeding. This brings up a second point, regarding the constitutionality of section 390.001, Florida Statutes (Supp. 1988).
The Fifth District has declared this section unconstitutional and I concur that it is constitutionally unsound on the grounds outlined in In re: T.W., 543 So.2d 837 (Fla. 5th DCA May 12, 1989).[6] In that case, the trial court raised the issue of constitutionality. The lack of adversariness is yet another anomaly which further tests the constitutional soundness of this statutory proceeding.
I would further commend the trial judge in this case for his attempt to give effect to the law and administrative court rules and finally point out that, although the trial court conducted a hearing with the petitioner and found her insufficiently mature to make a decision to consent to an abortion, findings which should be accorded due deference,[7] and her petition was denied, on this basis, this court deems it of utmost importance to look only to the technical letter of the law in reversing the lower court. By doing so, this court has exceeded its own time limitation under Florida Rule of Appellate Procedure 9.110(i), and thereby its jurisdiction, and to what end? To authorize consent in the face of an irrefutable finding that the minor is insufficiently mature to make such a decision. Section 390.001, Florida Statutes (Supp. 1988) was designed to protect against such an improvident decision by an insufficiently mature minor, but this court has determined, as a matter of law, that consent should be granted because of a supposed procedural error by the trial court.
Regardless of how promptly the trial judge rendered his order, the fact that J.V. was too immature to proceed with this decision on her own remains glaringly apparent. That finding is the essence of judicial consent proceedings, i.e., providing guidance, in the context of the best interests of the minor, in the event a minor cannot discern her own best interests due to her natural immaturity.[8] The pathetic irony of the operation of the statute and the rules of administration, here, is that the purpose of protecting the insufficiently mature petitioner has been completely frustrated. The rules have been applied to allow consent on a supposed failure of a non-prejudicial technicality and in spite of a finding that the minor petitioner is not sufficiently mature to consent to abortion. It appears to me that this particular operation of the judicial system has failed the minor petitioner.[9]
Because I do not believe that any written standard can adequately outline a test for determining maturity in a minor, and that *755 the determination is not appropriately left to a court of law, I am hopeful that this law will be repealed. It is unworkable and in the end amounts to a judicially futile task.[10] If this case is any example, these situations do not lend themselves to judicial resolution and would be more appropriately addressed in a nonadversarial administrative forum.[11]
In sum, I would hold the statute to be unconstitutional.
Alternatively, I would reinstate this court’s opinion which was filed on April 14, 1989, because this court lacked jurisdiction to withdraw or reverse it.
I respectfully dissent.

. Florida Rule of Appellate Procedure 9.110(/) provides in part:
(/) Exception. Where an unmarried minor or another person on her behalf appeals an order denying a petition for termination of pregnancy, the district court of appeal shall render its decision on the appeal as expeditiously as possible and by no later than ten days from the filing of the notice of appeal.... If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file.

. The April 14, 1989, opinion provides:
IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT JANUARY TERM 1989
IN RE: J.V., a child. CASE NO. 89-0941. Opinion filed April 14, 1989
Appeal from the Circuit Court for Martin County; John E. Fennelly, Judge.
J.V., pro se appellant.
No appearance for appellee.
PER CURIAM.
We affirm the trial court’s order without prejudice to the petitioner to file another petition in the trial court pursuant to section 390.001, Florida Statutes (Supp.1988).
Since there is no record of the hearing before the tried court, the petitioner has failed to demonstrate that the trial court erred in entering the following order:
THIS MATTER came on for hearing pursuant to the petition of J.V. The Court in accordance with F.S. 390.001 and Fl.R.Cv.P. 1.610 et seq, [sic] has conducted a hearing and hereby makes the following findings of fact and conclusions of law.
J.V., a Sixteen year old High School Junior, appeared before the Court and indicated that she wished an order pursuant to the Statute. The Child had not discussed this decision with anyone other than her girlfirend [sic] and a counsellor. J.V. did not know the counsel-lor’s name or what qualifications this person possessed. She indicated that this person had not discussed any alternatives to abortion; did not explain any possible medical risks or adverse psychological effects of abortion. The Court finds as a matter of fact that the child does not possess a rudimentary understanding of either the nature of abortion or the risks involved.
J.V. clearly indicated that she had no reason, express or implied, the [sic] fear emotional or physical abuse if her parents were required to consent to the abortion. J.V., to the contrary, indicated that she has a strong and deep relationship with her mother. She also indicated that while her relationship with her step-father is not close there is no basis to conclude he would be physically or emotionally abusive.
The Court must, based on the determined facts, attempt to glean legislative intent from F.S. 390.001. The Court finds itself on a sea of controversy without legislative navigational aids.
It appears to the Court that Petitioner bears the burden of demonstrating that consent of her mother may be waived. Petitioner, to carry this burden, must demonstrate (1) Maturity (2) Consent unreasonably witheld [sic] or (3) Fear of emotional abuse.
The Legislature has not seen fit to even attempt to meaningfuly [sic] define these terms. As the child has, as previously indicated, expressed no fear of abuse good cause is not shown on that grounds. As the petitioner has never spoken to her mother concerning abortion the Court has no basis to determine that consent would be unreasonably witheld [sic].
*751 Thus under the Statute the only possible basis for entering this Order would be for this Court to determine that this Sixteen Year old Child is "sufficiently mature” to consent to abortion.
As indicated, the Legislature choose not to supply meaning to this term, so it is left to the Court. In the context of decision making the American Heritage Dictionary defines maturity as "worked out fully by the mind, considered.” (Houghton Mifflin, 1982)
For this Court to find, on these facts, that this child, possesses sufficient maturity to make such a decision would be unjustified.
She simply does not know;
(1) If she is in fact pregnant.
(2) The medical risks involved in abortion
(3) Any possible complications
(4) Any possible adverse psychological impact on her if this abortion is performed.
For the reasons indicated the Petition is hereby denied.
DONE AND ORDERED in Chambers, Stuart, Martin County, Florida, this 31st day of March, 1989.
AFFIRMED.
WALDEN and GUNTHER, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, J., concurring in part and dissenting in part.
Rule 1.612 of the Florida Rules of Civil Procedure governs the procedure to be followed in this case. Rule 1.612(d) provides:
Judgment. The court shall enter a judgment within 48 hours after the petition is filed unless the time is extended at the request of the minor. The judgment shall recite findings in support of the ruling. If no judgment is entered within the time period, the petition shall be deemed granted and the clerk shall place a certificate to this effect in the file.
It is undisputed in this case that no order or judgment was entered within the time frame provided by the rule and that no request for extension was made by the appellant. This rule leaves no room for discretion or maneuver on the part of the trial court or this court.[1] Accordingly, we have no choice, if we are .to comply with the Supreme Court rule, but to remand this case to the trial court with directions that the trial court clerk issue a certificate that the petition is deemed granted pursuant to rule 1.612(d).
In the absence of rule 1.612(d), I might concur with the majority which is simply affirming a trial court order based on findings of fact where there is no record of the evidence presented to the trial court. The burden of course, is upon an appellant to demonstrate error, and error on a finding of fact can only be demonstrated by pointing to the evidence presented and demonstrating that the finding of the court is not supported by that evidence. In this case there is no evidentiary record of the "hearing” conducted by the trial court with the minor petitioner. The problem is that there is no provision in the statutory scheme or the Supreme Court rules mandating a record. Absent a record there can be no meaningful appellate review. This is a serious flaw in the procedure set out in the statute and rules.
1. Rule 9.110(1) of the Florida Rules of Appellate Procedure provides that this court has only 10 days to act after the notice of appeal is filed. If we do not act within that 10 day period the order is automatically reversed and the petition is to be deemed granted. In effect, this court and the trial court lose jurisdiction to act, other than to issue a clerk’s certificate, after the pertinent time periods expire.

. The order entered May 2, 1989, provides:
IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, P.O. BOX A, WEST PALM BEACH, FL 33402
[[Image here]]
*752 The trial court is directed to advise this court on or before 12:00 Noon, on Thursday, May 4, 1989, whether or not the minor, J.V. or anyone on her behalf, requested or consented to an extension of time beyond the forty-eight (48) hour period provided for in Rule 1.612(d), Fla.R.Civ.P., and if so, the circumstances thereof.
I hereby certify the foregoing is a true copy of the original court order.
(s) Clyde L. Heath
Clyde L. Heath
CLERK.
cc: C.D., Aware Woman Health Center
Judge John E. Fennelly

. The order issued May 5, 1989, provides:
IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, P.O. BOX A, WEST PALM BEACH, FL 33402
[[Image here]]
The opinion of this court of April 14, 1989, is hereby withdrawn and the mandate recalled.
The order of the trial court dated March 31, 1989, is reversed for failure to comply with the time requirements imposed by section 390.001, Florida Statutes (Supp.1988) and Rule 1.612(d), Fla.R.Civ.P.
The trial court shall direct the clerk to place a certificate in the file indicating that the petition has been granted, as provided in the aforesaid rule, and to furnish a certified copy of the clerk’s certificate to the petitioner as required by subsection (e) of the rule.
An opinion will be issued by the court in due course but this order shall take effect as a final disposition of the matter.
I hereby certify the foregoing is a true copy of the original court order.
(s) Clyde L. Heath
CLYDE L. HEATH,
CLERK.
cc: The Honorable John E. Fennelly, Circuit Judge Candace Dye, Aware Woman Health Center

. The petition was filed on March 28,1989. The trial court's order issued on March 31, 1989 and the notice of appeal was filed April 7, 1989. It is noted that nothing prevents a minor petitioner from waiting the full 30 days to take an appeal, pursuant to Florida Rule of Appellate Procedure 9.110(b). In that instance, should she then be heard to complain that the trial court did not act timely? Of course such a prolonged response to a denial may not be common, but this is pointed out to show that time limitations should be placed on the petitioner to help ensure efficient and meaningful judicial administration of the cause.

. This case and the issue of the constitutionality of section 390.001, Florida Statutes (Supp. 1988) is now pending before the Florida Supreme Court.

. See In Matter of Moe, 12 Mass.App. 298, 423 N.E.2d 1038 (1981) where the trial court found a 14-year-old petitioner not sufficiently mature to give an informed consent to have an abortion stating:
Findings of a judge in this kind of proceeding are entitled to no less deference than that which a reviewing court generally accords findings of fact by a trial court; i.e., they shall not be set aside unless clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160-161, 360 N.E.2d 1051 (1977). As regards a quality such as maturity, we think the judge’s opportunity to see and hear the petitioner, her tone of voice, her expressions, her overall demeanor place the judge in a particularly advantaged position to make the factual determination.

. Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979) has become the standard by which parental intervention statutes are evaluated. Planned Parenthood Association of Kansas City v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983); Hodgson v. Minnesota, 853 F.2d 1452 (8th Cir.1988); Jacksonville Clergy Consultation Services v. Martinez, 696 F.Supp. 1445 (M.D.Fla.1988).
In Bellotti v. Baird the United States Supreme Court acknowledged the special status accorded minors under the law and held that the states may validly limit the freedom to choose abortion on the basis of the minor petitioner’s lack of maturity.

. The Supreme Court has acknowledged the significance of the maturity assessment. See H.L. v. Matheson, 450 U.S. 398, 411, 101 S.Ct. 1164, 1172, 67 L.Ed.2d 388, 399 (1981): "The medical, emotional and psychological consequences of an abortion are serious and can be lasting; this is particularly so when the patient is immature.” See also Bellotti v. Baird, 99 S.Ct. at 3050.

. See Hodgson v. Minnesota, 853 F.2d 1452 (8th Cir.1988), pet. for cert. granted, — U.S. —, 109 S.Ct. 3240, 106 L.Ed.2d 587 (1989).

. In Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 3050, 61 L.Ed.2d 797 (1979) the Supreme Court raised the suggestion that a delegation of this procedure to a juvenile court or administrative agency officer offered a noted advantage over formal court proceedings and additionally noted that "[t]here is ... an important state interest in encouraging a family rather than a judicial resolution of a minor’s abortion decision.” See also Hodgson v. Minnesota, 648 F.Supp. 756 (D.Minn.1986), rev’d in part, 853 F.2d 1452 (8th Cir.1988).